IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL ESCALERA,

        Plaintiff,                    No. CIV S-07-2302 JAM KJM P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.         <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $55.76 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964-65 (2007).  A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, _

2

1  U.S. \_\_, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must
2  accept as true the allegations of the complaint, id., and construe the pleading in the light most
3  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

4  The court finds the allegations in plaintiff's amended complaint are so vague and
5  conclusory that the complaint fails to state a claim upon which relief can be granted.  Although
6  the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair
7  notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.
8  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of
9  particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's
10 amended complaint must be dismissed.  The court will, however, grant leave to file a second
11 amended complaint.

12 If plaintiff chooses to file a second amended complaint, plaintiff must
13 demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
14 constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Generally speaking, as
15 to conditions of confinement, plaintiff will state a claim upon which relief can be granted if he
16 presents facts demonstrating that he has been subjected to cruel and unusual punishment which is
17 prohibited by the Eighth Amendment.  Also, the complaint must allege in specific terms how
18 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
19 is some affirmative link or connection between a defendant's actions and the claimed
20 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
21 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
22 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
23 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
25 order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that
26 an amended complaint be complete in itself without reference to any prior pleading.  This is

1  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
2  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
3  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
4  original complaint, each claim and the involvement of each defendant must be sufficiently
5  alleged.

6  In accordance with the above, IT IS HEREBY ORDERED that:

7  1. Plaintiff's request for leave to proceed in forma pauperis is granted.

8  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
9  Plaintiff is assessed an initial partial filing fee of $2.44.  All fees shall be collected and paid in
10 accordance with this court's order to the Director of the California Department of Corrections
11 and Rehabilitation filed concurrently herewith.

12 3. Plaintiff's amended complaint is dismissed.

13 4. Plaintiff is granted thirty days from the date of service of this order to file a
14 second amended complaint that complies with the requirements of the Civil Rights Act, the
15 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
16 complaint must bear the docket number assigned this case and must be labeled "Second
17 Amended Complaint"; plaintiff must file an original and two copies of the second amended
18 complaint; failure to file a second amended complaint in accordance with this order will result in
19 a recommendation that this action be dismissed.

20 DATED:  May 30, 2008.

_____
U.S. MAGISTRATE JUDGE

2
esca2302.14(11-28-07)

4